IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-19-FL-1
No. 7:13-CV-284-FL

| | |
|---|---|
| ARMON LEWIS PINION, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 72, 76, 86), and petitioner's motion to amend (DE 82). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 78). The issues raised are ripe for ruling.[1] For the reasons that follow, the court dismisses petitioner's motion to vacate, denies petitioner's motion to amend and amended motion, and grants the government's motion to dismiss.

## BACKGROUND

On July 9, 2009, petitioner was charged in a single-count superseding indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. At his arraignment, held on December 7, 2009, petitioner pleaded not guilty to the superseding indictment. Following a two-day trial, the jury returned a guilty verdict. On March 25, 2010, the court sentenced petitioner to 120 months' imprisonment, and petitioner appealed the court's judgment.

---

[1] This §2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

On October 31, 2011, the Fourth Circuit Court of Appeals affirmed. See United States v. Pinion, 452 F. App'x 339 (4th Cir. 2011). Petitioner then filed a petition for writ of certiorari in the United States Supreme Court. The petition was denied on May 29, 2012. See Pinion v. United States, 132 S. Ct. 2698 (2012).

On August 8, 2013, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Pinion v. Apker, 5:13-HC-2178-FL. On April 8, 2014, on preliminary review under 28 U.S.C. § 2243, the court provided petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intended to recharacterize his motion as an attempt to file a motion under 28 U.S.C. § 2255. Petitioner consented to the recharacterization.

In his § 2255 motion, petitioner raises the following claims: 1) his indictment failed to charge an offense under 18 U.S.C. § 924(c); 2) he was wrongly convicted; and 3) he is "actually innocent." See Mot. Vacate (DE 76). In the government's motion to dismiss, filed on June 4, 2014, it argues that petitioner's § 2255 motion should be dismissed as untimely. On June 13, 2016, petitioner filed his motion to amend, seeking to add a claim challenging the calculation of his base offense level in light of Johnson v. United States, 135 S. Ct. 2551 (2015). See Mot. Amend (DE 82). On June 24, 2016, petitioner's appointed counsel filed an amended § 2255 motion, arguing that petitioner's base offense level was erroneously calculated, and he is entitled to resentencing under Johnson.[2] See Am. Mot. (DE 86).

On August 15, 2016, this case was stayed pending the Supreme Court's final decision in Beckles v. United States, 15-8544. On April 14, 2017, the court lifted the stay and directed

---

[2] Petitioner's counsel was appointed pursuant to Standing Order 15-SO-02.

petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Both petitioner and the government have responded.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Motion to Vacate

Petitioner raises three claims in his § 2255 motion. Mot. Vacate (DE 72) at 9-14; Mot. Vacate (DE 76) at 4-7. Because petitioner's motion is untimely, it must be dismissed.

A one-year period of limitation applies to motions filed pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, the court sentenced petitioner on March 25, 2010, and he appealed the court's judgment. On October 31, 2011, the Fourth Circuit Court of Appeals affirmed. Petitioner then filed a petition for certiorari with the Supreme Court. The Supreme Court denied the petition on March 29, 2012. Therefore, petitioner's judgment became final on May 29, 2012, at the latest.[3] See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that finality attaches when the Supreme Court affirms a conviction on the merits on direct review, denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires).

Because petitioner's judgment became final on May 29, 2012, he had until May 29, 2013 to file a timely § 2255 motion. Petitioner's § 2255 motion was filed on August 5, 2013, at the earliest.[4] Thus, petitioner's motion was filed more than two months outside the filing period provided by § 2255(f)(1).

Petitioner initially argues that his motion is timely under § 2255(f)(3). Mot. Vacate (DE 76) at 11. This section applies a one-year statute of limitations to habeas petitions based on rights newly recognized by the Supreme Court. 28 U.S.C. § 2255(f)(3). In support of petitioner's argument, he cites the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013),[5] and Bailey

---

[3] Petitioner had 90 days from entry of the judgment by the Fourth Circuit within which to file a petition for certiorari. See Supreme Court Rule 13(1). Petitioner filed an untimely petition on April 23, 2012.

[4] A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, petitioner represents that he placed his § 2255 motion in the prison mailing system on August 5, 2013. See Mot. Vacate (DE 72) at 17.

[5] In Alleyne, the Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment, is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. 2162-63. In reaching its holding, the Supreme Court overruled its prior decision in Harris v. United States, 536 U.S. 545 (2002).

4

v. United States, 133 S. Ct. 1031 (2013). Petitioner's reliance on Alleyne is misplaced because it is not retroactively applicable to cases on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, n* (4th Cir. 2013) ("We note that Alleyne has not been made retroactively applicable to cases on collateral review."); United States v. Olvera, 775 F.3d 726, 730 (5th Cir. 2015) (noting that "Alleyne does not apply retroactively. This decision accords with that of every circuit to have examined the issue, none of which has decided that Alleyne is retroactive."); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (noting that Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Supreme Court has decided other rules based on Apprendi do not apply retroactively on collateral review, which implies the Court will not declare Alleyne to be retroactive).

Petitioner's reliance on Bailey is misplaced for two reasons. First, Bailey did not involve a new rule. In Bailey, two detectives detained the defendants after following them in a car for about a mile, or five minutes, after they left the scene of a building law enforcement was preparing to search. 133 S. Ct. at 1036. The Supreme Court determined that the detention occurred "beyond any reasonable understanding of the immediate vicinity of the premises in question." Id. at 1042. The Court held that "[t]he categorical authority to detain incident to the execution of a search warrant must be limited to the immediate vicinity of the premises to be searched." Id. at 1041. This was not a new rule because the Court merely limited its prior holding in Michigan v. Summers, 452 U.S. 692 (1981), to a particular set of facts. Secondly, petitioner has failed to show any connection between his case and Bailey. See Mot. Vacate (DE 76) at 11. Accordingly, petitioner's § 2255 motion is not timely pursuant to § 2255(f)(3).

Next, petitioner argues that his § 2255 motion is timely under § 2255(f)(4). Id. Under this

5

section, the one-year statute of limitations begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner claims "newly discovered evidence of prosecutorial misconduct." See Mot. Vacate (DE 76) at 11. Petitioner, however, fails to explain <u>what</u> new evidence he has discovered, <u>when</u> the evidence was discovered, and <u>why</u> that information was not available at an earlier time. See <u>id.</u> at 5-6, 11. Petitioner has produced what appears to be a newspaper article from 2013, <u>see</u> Mot. Vacate (DE 76-1) at 1-3, but he has failed to show how this article is connected to his case. Thus, petitioner's production falls short of the representation necessary to establish timeliness under § 2255(f)(4). Consequently, petitioner's motion is not timely pursuant to § 2255(f)(4).

Furthermore, petitioner fails to show that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance stood in his way. <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010); <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing). Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 motion. <u>See, e.g.</u>, <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); <u>Sosa</u>, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); <u>Rouse v. Lee</u>, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); <u>Turner v. Johnson</u>, 177 F.3d

390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his § 2255 motion. Consequently petitioner's § 2255 motion must be dismissed as untimely.

    2.    Motion to Amend and Amended Motion

In petitioner's motion to amend and amended motion, he argues that following Johnson, his conviction for assault with a deadly weapon inflicting serious injury no longer qualifies as a "crime of violence." Mot. Amend (DE 82) at 2-3; Amended Mot. (DE 86) at 1. Petitioner concludes that he is entitled to either be released immediately or resentenced. Mot. Amend (DE 82) at 3-4; Amended Mot. (DE 86) at 1.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of a § 2255 motion. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 Proceedings do not specifically address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). A party may amend his pleading once as a matter of course within twenty-one days after service, or, if it is a pleading requiring a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). In the Fourth Circuit Court, "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). In both cases, leave should be freely granted and denied only where good reason exists, such as prejudice to the opposing party. Id. Leave to amend should also be

7

denied when the amendment would be futile. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. In this case, petitioner relies on Johnson's reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2 at the time of his sentencing. See U.S.S.G. § 2K2.1(a)(2) (stating § 4B1.2(a) provides the definition for "crime of violence" contained in § 2K2.1). The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner may not rely on Johnson's reasoning to attack the calculation of his base offense level. Consequently, petitioner's amended motion and motion to amend must be denied.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

8

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to amend and amended motion (DE 82, 86), DISMISSES petitioner's motion to vacate (DE 72, 76), and GRANTS the government's motion to dismiss (DE 78). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2017.

                                                LOUISE W. FLANAGAN
                                                United States District Judge